UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MATEO-CASTELLANOS,

        Petitioner,

v.

        CASE NO. 2:11-CV-13761
        HONORABLE GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS

      This matter is before the Court on respondent's motion for summary judgment on the ground that petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion for summary judgment, in which he claims that the statute of limitations should be equitably tolled because his native language is Spanish and he had to rely on other prisoners to assist him with his state post-conviction motion for relief from judgment, as well as with his federal habeas corpus petition. Having reviewed the pleadings and the issues raised by petitioner in his habeas application and in response to the motion for summary judgment, the Court will deny the motion for summary judgment and will order that an answer addressing the merits of the petition be filed in this matter within sixty days of the Court's order.

      Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir.

1

2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the present case, petitioner contends that the limitations period should be equitably tolled due to the fact that he has difficulty understanding the English language and had to rely on fellow prisoners through the Legal Writer Program to assist him with his legal pleadings. Petitioner further indicates that these prisoners did not act diligently in the preparation of his legal pleadings.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently,

2

and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562.

In the present case, petitioner's various pleadings raise a genuine issue of material fact as to whether the one year limitations period should be equitably tolled in this case.

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006). In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be better served by ordering an answer that addresses the merits of petitioner's claims.

The Court will therefore deny the motion for summary judgment and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within sixty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with any Rule 5 materials that have not already been filed with the Court at the time that it files its

3

answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Accordingly, the Court ORDERS that the motion for summary judgment [Dkt. # 7] is DENIED.

The Court further ORDERS Respondent to submit an answer addressing the merits of petitioner's habeas claims and any Rule 5 materials that have not already been submitted to the Court within SIXTY DAYS of the date of this order.

Dated: May 1, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 1, 2012, by electronic and/or ordinary mail and also to Jose Mateo-Castellanos at Chippewa Correctional Facility, 4269 W M-80, Kincheloe, MI 49784.

S/Josephine Chaffee
Deputy Clerk

4