UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MATEO-CASTELLANOS,

                    Petitioner,

                                        CASE NO. 2:11-CV-13761
v.                                      HONORABLE GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE
LLOYD RAPELJE,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Jose Mateo-Castellanos, ("petitioner"), presently confined at the Chippewa

Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his

conviction for assault with intent to commit murder, M.C.L.A. 750.83; assault with intent

to do great bodily harm, M.CL.A. 750.84; and two counts of possession of a firearm in

the commission of a felony, M.C.L.A. 750.227b.  For the reasons stated below, the

petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Kent

County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the

Michigan Court of Appeals, which are presumed correct on habeas review pursuant to

28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Sergeant Jason Howe and Officer Andy Veen were among the police officers
> dispatched to Alt Dairy Farms, at Bristol and 6 Mile Road in Walker, after
> Carlos Ruiz informed the police that defendant was standing outside his front

door holding a gun. After arriving at the scene, Howe and Veen trailed defendant to his trailer. The two officers backed up to a berm to keep watch on the trailer. Approximately 20 minutes later a silhouette appeared in the trailer's doorway. Veen illuminated the silhouette with his flashlight and, after seeing that it was defendant, identified himself as police and ordered defendant to drop his gun. Instead, defendant raised his gun and fired one shot at Veen. Defendant then turned and pointed his gun at Howe, who had also illuminated defendant with his flashlight, and fired one shot at Howe.

*People v. Mateo-Castellanos,* No. 267335, 2007 WL 1452159, * 1 (Mich.Ct.App. May 17, 2007).

Petitioner's conviction was affirmed on appeal. *Id; lv. den.* 480 Mich. 891 (2007).

Petitioner then filed a post-conviction motion for relief from judgment with the trial court,

which was denied. *People v. Mateo-Castellanos,* No. 04-11365-FC (Kent County Circuit

Court, January 7, 2009). The Michigan appellate courts denied petitioner leave to

appeal. *People v. Mateo-Castellanos*, No. 295633 (Mich.Ct.App. March 17, 2010); *lv.*

*den.* 488 Mich. 855 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was denied his right to effective assistance of trial counsel by his attorney's failure to investigate, present a defense, and move for an appointed expert witness.

II. Petitioner was denied his right to effective assistance of appellate counsel by his attorney's failure to raise ineffective assistance of trial counsel and for failure to obtain certain discovery crucial to his defense.

III. Petitioner's appellate counsel's ineffectiveness establishes "good cause" for failure to raise his first two issues in his direct appeal.

Respondent originally filed a motion for summary judgment, on the ground that

petitioner's habeas application was barred by the one year statute of limitations

contained in 28 U.S.C. § 2244(d)(1). This Court denied the motion for summary

judgment and ordered an answer on the merits. *See Mateo-Castellanos v. Rapelje,*

-2-

U.S.D.C. No. 2:11-CV-13761; 2012 WL 1555210 (E.D. Mich. May 1, 2012).

Respondent has now filed an answer addressing the merits of the petition and petitioner

has filed a reply to the response.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

-3-

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents.

*Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal Constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. Discussion

The Court will discuss petitioner's claims together for judicial economy. Petitioner alleges the ineffective assistance of trial and appellate counsel.

Respondent contends that petitioner's claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If petitioner could show that he received ineffective assistance of

-5-

appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his ineffective assistance of trial counsel claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette v. Howes,* 624 F. 3d 286, 291 (6th Cir. 2010). Because "the procedural default issue raises more questions than the case on the merits," this Court will assume, for the sake of resolving the claims, that there is no procedural default by petitioner and will decide the merits of the claims. *Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003)(internal quotation omitted).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must

-6-

show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington v. Richter*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 129 S. Ct. at 1420 (citing *Yarborough*, 541 U.S.at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to

a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

> Because of this doubly deferential standard:

> "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

*Harrington v. Richter*, 131 S. Ct. at 788.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1407 (2011).

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast doubt on a trial that took place" almost seven years ago " and a direct appeal that concluded over five years ago is precisely what *Strickland* and AEDPA seek to prevent." *Harrington v. Richter*, 131 S. Ct. at 789.

Petitioner first claims that his trial counsel was ineffective for failing to obtain and utilize the police reports in this case.

Petitioner's claim fails for several reasons. First, petitioner has failed to offer any evidence that would support his claim that his counsel failed to obtain the police reports

-8-

prior to trial.  Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief).  Petitioner's bare assertion that his trial counsel failed to adequately investigate his case by obtaining and reviewing the police reports is insufficient to support his ineffective assistance of counsel claim. *See Starcher v. Wingard,* 16 Fed. Appx. 383, 388 (6th Cir. 2001).

The record, in fact, suggests that trial counsel obtained the police reports prior to trial, reviewed them, and used them in the case.  Counsel thoroughly cross-examined the various police officers about the radio dispatches and other communications that they had received and their observations from the crime scene.  Counsel also obtained admissions from the officers that petitioner appeared intoxicated and that he did not initially fire his weapon at the police when they first arrived at the scene, apparently to establish that petitioner did not intend to kill or to do great bodily harm to the officers. (Tr. 9/20/2005, pp. 126-42, 147-48; 156-58; 224-25; 235-37; Tr. 9/21/2005, pp. 171, 191-97; 205-07; 218-220; Tr. 9/22/2005, pp. 414-16; 453-62).  In fact, when one officer, Sergeant Jason W. Howe, could not recall what petitioner had been yelling at the police when they arrived on the scene, counsel confronted Howe with a copy of his police report and asked the officer to review it, thus suggesting that counsel had access to all of the police reports in this case. (Tr. 9/22/2005, pp. 455-58).

Finally, petitioner has failed to provide this Court or the state courts with copies of the various police reports.  Petitioner has failed to show that any of these police reports contained exculpatory information.  Because petitioner has failed to show that any of these police reports contained information that would exonerate him of these crimes, any alleged failure by counsel to obtain or to use these police reports did not prejudice petitioner, so as to entitle him to habeas relief on his ineffective assistance of trial counsel claim. *See Pillette v. Berghuis,* 408 Fed. Appx. 873, 889-90 (6th Cir. 2010); *cert. den.* 132 S. Ct. 125 (2011).

Petitioner next contends that trial counsel was ineffective in failing to find and use an expert witness to testify that petitioner had not fired a gun on the night in question. In denying petitioner's motion for relief from judgment, the trial court rejected this claim, noting that counsel's trial strategy had not been to deny that petitioner fired the gun, but only to argue that he did not have any intent to kill the officers.  As such, defense counsel's decision not to present testimony that petitioner did not fire the gun was "within the realm of acceptable strategy." *People v. Mateo-Castellanos,* No. 04-11365-FC, at * 2.

Petitioner is not entitled to habeas relief on this claim for two reasons.  First, petitioner has failed to provide to this Court or to the state courts the name of an expert who would be willing to testify that petitioner never fired any weapon in this case. *See Tinsley v. Million,* 399 F.3d 796, 806 (6th Cir. 2005).  Secondly, calling such an expert would have been inconsistent with counsel's defense that petitioner shot the weapon, but that he did not intend to kill or injure anyone.  In light of the number of witnesses who observed petitioner either in possession of or discharging a firearm, counsel's

decision to pursue such a defense was reasonable.  Because petitioner's theory at trial was that he shot the firearm but did not intend to kill or injure anyone, counsel was not ineffective in failing to present evidence that petitioner did not discharge a firearm on the night in question. *See e.g. Workman v. Bell,* 178 F. 3d 759, 769 (6th Cir. 1998)(trial counsel did not provide ineffective assistance by failing to discover evidence purporting to show that police officer's wounds were not caused by defendant's ammunition; defendant's theory at trial was that he was attempting to surrender when he accidentally shot officer).

Petitioner next argues that trial counsel was ineffective for failing to ensure that the translator or translators who had been appointed by the court to translate the proceedings into Spanish for petitioner were certified interpreters.  The trial court rejected this claim on the ground that there had not been any indication or allegation that petitioner and his trial counsel had difficulty communicating with one another. *People v. Mateo-Castellanos,* No. 04-11365-FC, at * 2.

Habeas corpus relief is available only if a petitioner can demonstrate that a trial court's action regarding the use of an interpreter denied petitioner a fundamentally fair trial. *Montano v. Shelton*, 961 F. Supp. 252, 255 (D. Kan. 1997)(citing *United States v. Sanchez*, 928 F. 2d 1450, 1455 (6th Cir. 1991)).  Normally, however, rulings on the appointment and qualifications of an interpreter do not reach constitutional proportions. *See Fairbanks v. Cowan*, 551 F. 2d 97, 99 (6th Cir. 1977).  In the present case, petitioner has offered no evidence either to the state courts or to this Court that the translators who were appointed by the trial court to assist him at his trial were unqualified or that he was unable to effectively communicate with counsel or understand

-11-

the proceedings.  Petitioner has failed to show how his interpreter's translations of the

trial proceedings from English to Spanish were inaccurate, or that he was prejudiced by

any inaccuracies, thus petitioner is not entitled to relief on his claim that counsel was

ineffective in failing to object to the lack of a certified interpreter. *See e.g. Akosa v. U.S.,*

219 F. Supp. 2d 311, 317 (E.D. N.Y. 2002).

Petitioner finally contends that appellate counsel was ineffective for failing to

raise his ineffective assistance of trial counsel claims on his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective

assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397

(1985).  However, court appointed counsel does not have a constitutional duty to raise

every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751

(1983).  This Court has already determined that petitioner's ineffective assistance of trial

counsel claims are without merit.  "[A]ppellate counsel cannot be found to be ineffective

for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452

(6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Because

none of these claims can be shown to be meritorious, appellate counsel was not

ineffective in the handling of petitioner's direct appeal.  Petitioner is not entitled to

habeas relief on his ineffective assistance of appellate counsel claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also

deny a certificate of appealability to petitioner.  In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is

required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: August 21, 2012

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 21, 2012, by electronic and/or ordinary mail and also
on Jose Mateo-Castellanos, #580859, Chippewa Correctional
Facility, 4269 West M-80, Kincheloe, MI 49784.


s/Barbara Radke
Deputy Clerk